IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor<br><br>  Plaintiff,<br><br>                          v.<br><br>MJR SECURITY POLICE, INC., ROSA ROSARIO ADORNO, Individually, and ISMAEL RIVERA ROSARIO, Individually,<br><br>  Defendants. | Civil No. 11-01619 (JAG)<br><br><br><br><br>FAIR STANDARS LABOR ACT 29 U.S.C. 201 et seq. |

## ANSWER TO COMPLAINT

**TO THE HONORABLE COURT:**

Come now defendants, MJR Security Police, Inc. ("MJR"), Rosa Rosario Adorno and Ismael Rivera Rosario, (collectively referred to as "Defendants"), through the undersigned attorney, and respectfully state and pray:

Paragraph no. I of the complaint contains a legal statement that does not require a responsive pleading.

The allegation contained in paragraph no. II of the complaint is admitted.

The allegation contained in paragraph no. III of the complaint is admitted. In addition, it is affirmatively alleged that codefendant MJR is a corporation duly organized by the laws of the Commonwealth of Puerto Rico, with individual personal capacity that is separate from its shareholders.

The allegations contained in paragraph no. IV of the complaint are denied as stated. It is affirmatively alleged that codefendant Rosa Rosario Adorno is also an employee of

MJR, who holds a directive position in the corporation and as an employee has a fiduciary duty to the corporation.

The allegations contained in paragraph no. V of the complaint, as stated, are denied.  It is affirmatively alleged that codefendant Ismael Rivera Rosario is not an employee of the corporation and that from time to time he assists and counsels his wife who is an employee of the corporation.

The allegation contained in paragraph no. VI of the complaint, as stated, is denied; notwithstanding, it is affirmatively alleged that codefendant MJR is an enterprise within meaning of Section 3(r) of the Fair Standards Labor Act of 1938, ("FLSA"), 28 U.S.C. 201 *et seq*.

The allegation contained in paragraph no. VII of the complaint, as stated, is denied; notwithstanding, it is affirmatively alleged that codefendant MJR is the only employer of the employees engaged in rendering services for commerce.

The allegation contained in paragraph no. VIII of the complaint is admitted.

The allegations contained in paragraph no. IX of the complaint constitute a legal conclusion therefore they do not require a responsive pleading.  Notwithstanding, if they do require a response, it is hereby denied.

The allegations contained in paragraph no. X of the complaint constitute a legal conclusion therefore they do not require a responsive pleading.  Notwithstanding, if they do require a response, it is hereby denied.

The allegation contained in paragraph no. XI of the complaint constitutes a legal conclusion therefore they do not require a responsive pleading.  Notwithstanding, if they do require a response, it is hereby denied.

AFFIRMATIVE DEFENSES

The complaint fails to state sufficient allegations to show that it claimant is entitled to relief.

The complaint fails to state a claim against codefendant Ismael Rivera Rosario.

The complaint fails to state a claim against codefendant Rosa Rosario Adorno.

The claims are time barred.

The complaint lacks specificity with respect as to the amounts owed, if any.

The complaint does not specify which employees worked workweeks in excess than those prescribed without the prescribed compensation in Section 7 of the Fair Labor Standards Act of 1938 ("FLSA"), 28 U.S.C. 201 *et seq*.

The complaint does not distinguish those employees that are except from the FLSA and thus is vague.

MJR paid the amounts allegedly owed in the complaint.

MJR partially paid the amounts allegedly owed in the complaint.

MJR maintains employee records that contain all the information required by the FSLA.

MJR reserves the right to amend these answers and affirmative defenses when and if new information is discovered during the process.

**WHEREFORE**, it is prayed of this Honorable Court to deny the above captioned complaint and to enter judgment in favor of defendants dismissing with prejudice the complaint.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th day of October, 2011.

**IT IS HEREBY CERTIFIED** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System, which will send notification of such filing to attorneys of record.

**SERGIO SÁNCHEZ PAGÁN**
**LAW OFFICES**
Attorney for Defendants
P.O. Box 363034
San Juan, Puerto Rico 00936-3034
Tel. 787.641.1284
Fax: 787.753.6580
E-mail: ssp@ssplawpr.com

__s/*Sergio Sánchez Pagán*__
USDC-PR No. 224402
