UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO
----------------------------------------------------------------

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, | : | Civil Action File No. |
| United States Department of Labor | | 11-01619 (JAG) |
| | : | |
| Plaintiff, | | |
| | : | |
| v. | | |
| | : | |
| MJR SECURITY POLICE, INC., | | |
| ROSA ROSARIO ADORNO, Individually, | : | |
| and ISMAEL RIVERA ROSARIO, Individually, | | |
| | : | |
| Defendants. | | |

----------------------------------------------------------------

## JOINT INITIAL SCHEDULING MEMORANDUM

**1**      **Each party's theory of the case.**

**<u>Plaintiff's Theory of the Case</u>:**

The plaintiff Secretary alleges that the defendants willfully violated the overtime premium pay and record keeping requirements of the Fair Labor Standards Act ('the FLSA' or 'the Act'). The defendants, a private security guard corporation and its two principals, are alleged to have paid, and continue to pay, security guards in their employ their regular straight time hourly wage for all overtime hours (i.e. those hours in excess of forty (40) per week) they worked each week, rather than the statutorily mandated overtime premium rate of one and one half times the employees' regular straight time hourly wage. Such pay practice violates section 7 (29 U.S.C. §207) of the FLSA.

The plaintiff Secretary also alleges that the defendants willfully violated the requirement at section 11(c) (29 U.S.C. §211(c)) of the FLSA to keep true, accurate, and complete records of the employees. Specifically, they did not have the names, addresses, and other basic information

for some employees; they did not maintain records of the regular hourly rate of pay for workweeks in which overtime compensation is due under Section 7; and they did not maintain a record of the total premium compensation paid for overtime hours worked.

The significance of the allegation of willfulness is that the applicable statute of limitations is three (3) years, not two (2) years.  The instant complaint was filed on June 29, 2011.  Therefore, this action seeks to recover back wages and liquidated damages for the period June 29, 2008 through the present.

The Secretary seeks an injunction against the continued withholding of the unpaid back wages found due; an injunction against future violations of the FLSA, and an award of liquidated damages, which is an amount equal to, but no more than, the amount of backwages.

**Defendants' Theory of the Case:**

MJR Security Police, Inc. ("Defendant" or "MJR") is a corporation duly organized in the Commonwealth of Puerto Rico engaged in the business of private security services. Codefendant Mrs. Rosa Rosario Adorno is the sole shareholder of MJR's stocks and is also its President.  Codefendant Mr. Ismael Rivera, who is disabled and cannot work, is Mrs. Rosario's husband.  He is not an officer or an employee of MJR.

MJR's business is structured around its labor force.  The workforce is comprised of nonexempt and exempt employees covered by the FLSA.  Wages are paid every fifteen days, and when due, over time is also compensated to nonexempt employees.  MJR, based on its records, has paid over $55,000.00 in over-time for the period alleged in the complaint.

Notwithstanding, as a result of plaintiff's allegations, MJR is performing a detailed investigation over its payroll practices in order to analyze the allegations set forth by Plaintiff.

With respect to Plaintiff's contention that Codefendant Rivera is an employer of MJR, he is not an employer as defined by Section 3(d) of the FLSA. As such, Codefendant Rivera does not respond for the obligations of MJR.

**2.     The applicable law.**

**Plaintiff's Statement of the Applicable Law:**

Section 3(d) - Employer

> **(d)** "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

Sect. 7(a) – Overtime Pay Requirement

> **(1)**   Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Section 11(c) – Record Keeping

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

Section 16(b) – Liquidated Damages and Injunction Against Future Violations

**(b)    Damages; right of action; attorney's fees and costs; termination of right of action**
Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.…
**(1)** restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or
**(2)** legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

29 U.S.C. §255 of the Portal-to-Portal Act – Three (3) Year Willful Statute of Limitations

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 *et seq.*], the Walsh-Healey Act [41 U.S.C. 35 *et seq.*], or the Bacon-Davis Act —
**(a)** if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

**Defendant's legal theory:**

In addition to the above transcribed FLSA sections, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C. § 203(d). As interpreted in *Chao v. Hotel Oasis*, the FLSA does not preclude personal liability for "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporations day-to-day functions". 493 F.3d 26, 34 (1st Cir. 2007) citing *Donovan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983).

For its part, §203(e) of the Act defines an employee as:

**(1)** Except as provided in paragraphs (2), (3), and (4), the term "employee" means any individual employed by an employer.

**(2)** In the case of an individual employed by a public agency, such term means—

**(A)** any individual employed by the Government of the United States—
    **(i)** as a civilian in the military departments (as defined in section 102 of Title 5),

    **(ii)** in any executive agency (as defined in section 105 of such title),
    **(iii)** in any unit of the judicial branch of the Government which has positions in the competitive service,
    **(iv)** in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces,

    **(v)** in the Library of Congress, or

    **(vi)** the Government Printing Office;

**(B)** any individual employed by the United States Postal Service or the Postal Regulatory Commission; and

**(C)** any individual employed by a State, political subdivision of a State, or an interstate governmental agency, other than such an individual—

    **(i)** who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
    **(ii)** who—
        **(I)** holds a public elective office of that State, political subdivision, or agency,

        **(II)** is selected by the holder of such an office to be a member of his personal staff,
        **(III)** is appointed by such an officeholder to serve on a policymaking level,
        **(IV)** is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or

        **(V)** is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

**(3)** For purposes of subsection (u) of this section, such term does not include any individual employed by an employer engaged in agriculture if such individual is the parent, spouse, child, or other member of the employer's immediate family.

**(4)**
    **(A)** The term "employee" does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if—
        **(i)** the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and

> **(ii)** such services are not the same type of services which the individual is employed to perform for such public agency.
> **(B)** An employee of a public agency which is a State, political subdivision of a State, or an interstate governmental agency may volunteer to perform services for any other State, political subdivision, or interstate governmental agency, including a State, political subdivision or agency with which the employing State, political subdivision, or agency has a mutual aid agreement.

**(5)** The term "employee" does not include individuals who volunteer their services solely for humanitarian purposes to private non-profit food banks and who receive from the food banks groceries.

**3.    Jurisdictional issues.**

**<u>Plaintiff Secretary's Position</u>**

The plaintiff Secretary alleged in her complaint that "[j]urisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. §§ 1331 and 1345." The defendants answered that "Paragraph no. I of the complaint contains a legal statement that does not require a responsive pleading." The plaintiff Secretary submits that there is no jurisdictional issue based upon defendants' representation below.

**<u>Defendants' Position</u>**

Codefendants understand that this Court has jurisdiction under the federal question (28 U.S.C. § 1331) arising from the FSLA.

4. **Inform whether each party consents to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636.**

The plaintiff Secretary consents to proceed before a US Magistrate Judge pursuant to 28 USC §636.

Codefendants consent for this case to proceed before a Magistrate Judge.

5. **Certify that each party has complied with the initial disclosure requirements of Fed. R. Civ. P. 26 (a)(1).**

**Plaintiff's Compliance with Initial Disclosures**

The plaintiff Secretary has complied with the Rule 26 initial disclosure requirements.

**Defendant's compliance with initial disclosures**

This complaint is based on the findings of an investigation conducted by the Wages and Hours Division of the U.S. Department of Labor, Caribbean District Office, per §211 of the Act. Accordingly, plaintiff is in possession of all documents, including employee records, assistance, payroll, and bank statements related to the period object of the complaint. In addition, the defendants produced to the plaintiff evidence in the form of photocopies of cancelled checks for over time compensation.

6. **Certify that the parties have addressed any electronic discovery issues, see Fed. R.Civ. P. 26(a)(1)(B); 26(f)(3) & (4), and submit any proposed agreement(s) under these rules.**

**Plaintiff Secretary's View:**

Upon information and belief, the defendants did not maintain pay or time records in

electronic or computerized format. Rather, they recorded this information manually in hard copy. Therefore, the parties do not anticipate that there will be any electronic discovery issues. Using the data from the copies and transcriptions of the defendants' time and pay records, the plaintiff Secretary created computer-generated computations of the amounts of backwages which the Secretary contends the defendants owe. The plaintiff Secretary has produced said computer-generated computations and the defendants have been reviewing them.

**Codefendants' contention**:

Plaintiff's generated records of their investigation on electronic format. These records are subject to discovery.


7. **A Joint proposed discovery timetable, not to exceed three (3) months.**

**Plaintiff Secretary's View:**

The plaintiff Secretary expects to propound requests to produce the defendants' time and pay records. The Secretary will then depose the defendants about said time and pay practices. The plaintiff Secretary and the defendants have been actively communicating with each other. The defendants' counsel has made clear to the plaintiff's counsel that the defendants are in dire financial shape and the Secretary expects that the defendants will be filing for bankruptcy protection, which may delay the processing of this case.

The plaintiff can consent to the schedule proposed below by the defendants.

**Defendant's estimate of discovery**

Codefendants will tender written discovery unto plaintiff per Federal Rules of Civil Procedure; thereafter take depositions of the investigators and/or officers of the Department of Labor involved with the investigation.

Due date for written discovery: February 29, 2012

Due date for taking of depositions: May 31, 2012.

**RESPECTFULLY SUBMITTED**

This 17th day of January, 2012.

**IT IS HEREBY CERTIFIED** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System, which will send notification of such filing to the electronic addresses of record of all parties which have made an electronic appearance.

DATED:     January 17, 2012
           New York, New York

| FOR THE DEFENDANTS | FOR THE PLAINTIFF |
|---|---|
| ___s/Sergio Sánchez Pagán_____<br>SERGIO SÁNCHEZ PAGÁN, Esq.<br>USDC Bar. No. 224402<br>P.O. Box 363034<br>San Juan, Puerto Rico 00936-3034<br>T. 787.641.1284<br>M. 787.579.5808<br>F. 787.753.6580<br>E-mail ssp@ssplawpr.com | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>PATRICIA M. RODENHAUSEN<br>Regional Solicitor<br><br>_s/Evan R. Barouh_____<br>EVAN R. BAROUH<br>Senior Trial Attorney<br>U.S.D.C. ID No. G01017<br>barouh.evan@dol.gov<br>U.S. Department of Labor<br>Attorneys for HILDA L. SOLIS,<br>Secretary of Labor, Plaintiff<br>POST OFFICE ADDRESS:<br>Patricia M. Rodenhausen<br>Regional Solicitor<br>U.S. Department of Labor<br>Office of the Solicitor, Reg. II<br>201 Varick Street, Room 983<br>New York, New York 10014<br>Tel.    646-264-3668<br>Fax    646-264-3660 & 3670 |